IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE HUNTER, )<br>      Plaintiff,   )<br>                    )<br>      vs.            )<br>                    )<br>                    )<br>WILLIAM SHOUPPE, Warden, )<br>      Defendant.   ) | Civil Action No. 07-74<br>Judge Joy Flowers Conti<br>Magistrate Judge Lisa P. Lenihan |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II.     REPORT

Plaintiff, Eddie Hunter, a prisoner confined at the Beaver County Jail, Pennsylvania, has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  For the reasons that follow, the action should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

A. <u>Standard of Review</u>

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] The Defendant is an officers or employees of a governmental entity, *i.e.*, the Beaver County Jail. Plaintiff is seeking leave to proceed in forma pauperis in this action (doc. no. 1). Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

---

[1] Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

[2] *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997).

## B. Liability under 42 U.S.C. § 1983

Plaintiff seeks recovery under 42 U.S.C. § 1983 for his confinement in the BCJ; specifically, Plaintiff alleges that he is a detainee and is housed with federal inmates and state sentenced inmates and is not allowed to sign himself into segregated housing.  In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).  As discussed in detail below, Plaintiff's allegations do not show that Defendant Shouppe violated any of his constitutional rights.  Thus, his Complaint should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

As a pre-trial detainee, Plaintiff's claims invoke the protections of the Fourteenth Amendment.  Bell v. Wolfish, 441 U.S. 520 (1979).

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, we think that the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law.  For under the Due Process Clause, a detainee may not be punished

>     prior to an adjudication of guilt in
>     accordance with due process of law.

*Id*. at 535 (citations omitted).

In Bell, the Supreme Court announced the following test for determining whether the conditions of confinement for pre-trial detainees violated the Fourteenth Amendment.

>     A court must decide whether the
>     disability is imposed for the purpose of
>     punishment or whether it is but an incident of
>     some other legitimate governmental purpose.
>     Absent a showing of an expressed intent to
>     punish on the part of detention facility
>     officials, that determination generally will
>     turn on whether an alternative purpose to
>     which the restriction may rationally be
>     connected is assignable for it, and whether it
>     appears excessive in relation to the
>     alternative purpose assigned to it.  Thus, if
>     a particular condition or restriction of
>     pretrial detention is reasonably related to a
>     legitimate governmental objective, it does
>     not, without more, amount to "punishment."
>     Conversely, if a restriction or condition is
>     not reasonably related to a legitimate goal-if
>     it is arbitrary or purposeless-a court
>     permissibly may infer that the purpose of the
>     governmental action is punishment that may not
>     constitutionally be inflicted upon detainees
>     qua detainees.  Courts must be mindful that
>     these inquiries spring from constitutional
>     requirements and that judicial answers to them
>     must reflect that fact rather than a court's
>     idea of how best to operate a detention
>     facility.

Bell v. Wolfish, 441 U.S. at 538-539 (internal quotations and citations omitted).

The Court of Appeals for the Third Circuit recently reviewed this standard in Hubbard v. Taylor, 399 F.3d 150, 158-159

(3d Cir. 2005). In Hubbard, the Court of Appeals acknowledged that Bell required the courts to engage in a two-step analysis:

> we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them. Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution.

Hubbard, 399 F.3d at 159 (internal quotations and citations omitted).

Using this analysis, it is clear that Plaintiff's allegations do not rise to the level of a constitutional violation under the Fourteenth Amendment. It can not be said that housing federal inmates, sentenced inmates and pre-trial detainees in the same housing unit amounts to punishment. Under the two-part inquiry, housing inmates together serves the legitimate purpose of providing adequate housing facilities to all BCL inmates while allowing the segregated unit to be used only for inmates the BCJ officials deem are a danger to others or themselves. Second, housing Plaintiff with other federal and state inmates at the BCJ is rationally related to this legitimate governmental purpose. Plaintiff makes no allegation that he has been attacked by these other inmates or that these other inmates are more violent than

the other pre-trial detainees.  Nor does he make any allegation that the warden was aware, or should have been aware, of any special need to provide Plaintiff with segregated housing.  Thus, there is no basis to conclude that housing Plaintiff in the general population showed an intent to unlawfully punish him.  At most, it may demonstrate an unintentional failure to anticipate violence between pre-trial detainees and federal and sentenced state inmates.  This sounds, if anything, in negligence, which is not actionable under 42 U.S.C. § 1983.[3]

Plaintiff should be aware that inmates do not have a constitutionally-protected liberty interest in being housed at any particular institution.  Meachum v. Fano, 427 U.S. 215, 224 (1976).  It follows that a prisoner's due process rights are not invoked by routine housing assignments. Therefore, Plaintiff's due process rights are not implicated by his routine housing assignment unless the conditions of his confinement create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

---

[3] The Supreme Court repeatedly has made it patently clear that negligence claims cannot support liability under section 1983. *See, e.g.,* County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1720 (1998); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause).

In a somewhat similar action, the United States District court for Eastern District of Virginia held as follows.

> Plaintiff's claim falls far short of meeting this stringent standard. Simply put, housing inmates with differing post-incarceration prospects in the same facility does not expose inmates to atypical and significant hardships. Plaintiff's claim that mixing these groups of inmates increases the risk for extortion does not create a claim of constitutional stature; it does not demonstrate that his housing conditions subject him to anything beyond the ordinary incidents of prison life. Indeed, any large group of inmates-even groups comprised solely of parole-eligible inmates-likely includes persons who, for a variety of reasons wholly unrelated to their parole eligibility, will threaten other inmates or extort money from them. Simply put, fights, altercations, threats, and extortion between and among inmates, are not extraordinary or atypical incidents of prison life. When they occur, they should be promptly and appropriately addressed and remedied through the prison's grievance and disciplinary processes. Thus, plaintiff's due process claim fails as a matter of law because housing him with parole-ineligible inmates is not a condition of confinement that creates an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Campbell v. Johnson, 2006 WL 3692613, *2 (E.D. Va. December 11, 2006) (footnotes omitted). There, as here, Plaintiff has no constitutionally protected liberty interest in a particular housing assignment.

The discussion above reveals that Plaintiff's claims concerning his housing assignment at the BCJ does not state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Consequently, Plaintiff's claims regarding his housing placement should be dismissed.

III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                        LISA PUPO LENIHAN
                                        U.S. Magistrate Judge

Dated: January 22, 2007

cc:  Honorable Joy Conti Flowers
     United States District Judge

     EDDIE HUNTER
     Beaver County Jail
     6000 Woodlawn Boulevard
     Aliquippa, PA 15001